*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

**Brad D. NEILY; et al., Plaintiffs— Appellants,**

v.

**CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM (CalPERS); et al., Defendants—Appellees.**

No. 05–15106.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Nov. 29, 2006.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Thompson's constitutional claims include right to a fair trial; right to a public *voir dire*

Timothy P. Fox, Esq., Fox & Robertson, P.C., Denver, CO, for Plaintiffs–Appellants.

Terry Senne, AGCA–Office of the California Attorney General, Oakland, CA, Stephen W. Parrish, Esq., George H. Keller, Esq., Foley & Lardner, San Francisco, CA, for Defendants–Appellees.

Before: SCHROEDER, Chief Circuit Judge, FARRIS and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellants challenge the district court's denial of their motion for summary judgment, and simultaneous grant of summary judgment in favor of Appellees.

1. "We review both a denial and grant of summary judgment de novo." *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir.2002) (citation omitted). We may affirm the district court on any basis supported by the record. *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1030 (9th Cir.2004).

2. The district court correctly determined that Appellants failed to state a claim under California law. Cal. Ins.Code § 10144 prohibits an insurer from refusing insurance "solely because of a physical or mental impairment, *except* where the refusal ... is based on sound actuarial principles or is related to actual and reasonable anticipated experience." (emphasis added). The district court properly noted that CalPERS' coverage decisions were based on actuarial principles.

3. The "safe harbor provision" of the ADA, 42 U.S.C. § 12201(c) provides that the ADA:

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

... "shall not be construed to prohibit or restrict—

(1) an insurer ... or any agent, or entity that administers benefit plans, or similar organizations from underwriting risks, classifying risks, or administering such risks that are based on or not inconsistent with State law ...

As discussed above, the CalPERS program is not inconsistent with California law. Accordingly, the district court correctly determined that the safe harbor provision shields the CalPERS policy.

4. Even if Cal. Ins.Code § 10123.2 applies to CalPERS, a separate statutory provision specifically forbids CalPERS from insuring individuals who do not meet the underwriting criteria. *See* Cal. Gov. Code § 21661(f) (stating, in pertinent part, that "no person may be enrolled unless he or she meets the eligibility and underwriting criteria established by the board.").

**AFFIRMED.**

*This case was not selected for publication in the Federal Reporter*